UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DERRICK TEAQUE,

                          Plaintiff,

v.                                        9:18-CV-1412
                                        (GTS/CFH)

K.L. MULLEN, Corr. Officer;
R.J. SEXTON, Corr. Officer;
INGRAM, Corr. Officer; and
S. O'DONNELL, Corr. Officer,

                          Defendants.[1]
_____

APPEARANCES:                                     OF COUNSEL:

DERRICK TEAQUE, 16-A-2967
  Plaintiff, *Pro Se*
Collins Correctional Facility
P.O. Box 340
Collins, New York 14034

HON. LETITIA A. JAMES                      NICHOLAS LUKE ZAPP, ESQ.
Attorney General for the State of New York     Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

       Currently before the Court, in this *pro se* prisoner civil rights action filed by Derrick

Teaque ("Plaintiff") against the four above-captioned employees of the New York State

---

      [1]      The Court notes that the Defendant identified by Plaintiff as "Ingram" has been admitted by Defendants to be "Robert Ingraham." (*See, e.g.,* Dkt. No. 17; Dkt. No. 18; Dkt. No. 32, Attach. 1, at 3 [attaching page "3" of Defs.' Memo. of Law].) Plaintiff has not challenged this admission. (*See generally* Dkt. No. 45.) As a result, the Clerk of Court is directed to amend the docket sheet to reflect this Defendant's correct identity.

Department of Corrections and Community Supervision ("Defendants"), are the following: (1) United States Magistrate Judge Christian F. Hummel's Report-Recommendation recommending that Plaintiff's supplemental opposition to Defendants' motion for summary judgment be stricken, that Defendants' motion for summary be granted,[2] and that Plaintiff's Amended Complaint be dismissed without prejudice; and (2) Plaintiff's Objections to the Report-Recommendation. (Dkt. Nos. 44, 45.) For the reasons set forth below, Magistrate Judge Hummel's Report-Recommendation is accepted and adopted in its entirety, Plaintiff's supplemental opposition to Defendants' motion for summary judgment is stricken, Defendants' motion for summary is granted, and Plaintiff's Amended Complaint is dismissed without prejudice.

## I. RELEVANT BACKGROUND

### A. Magistrate Judge Hummel's Report-Recommendation

Generally, in his Report-Recommendation, Magistrate Judge Hummel renders the following findings of fact and conclusions of law: (1) Plaintiff's supplemental opposition to Defendants' motion for summary judgment should be deemed stricken from the record because

---

[2] The Court notes that, after defense counsel filed a Notice of Appearance in this action, Plaintiff was permitted to, and did, amend his Complaint which, *inter alia*, identified "S. O'Donnell" as an additional Defendant. (Dkt. No. 17; Dkt. No. 26, at 13; Dkt. No. 27.) However, because no individual by that name has ever been employed by the New York State Department of Corrections and Community Supervision at Mid-State Correctional Facility, he or she has been unable to be served and formally represented by defense counsel. (Dkt. No. 29; Dkt. No. 31; Dkt. No. 32, Attach. 1, at 3, n.1 [attaching page "3" of Defs.' Memo. of Law].) Nonetheless, defense counsel has (in a motion for summary judgment) notified the Court of Plaintiff's failure to serve this Defendant, and submitted an argument for dismissal that affects Plaintiff's claims against *all* Defendants, including Defendant "S. O'Donnell." (*See generally* Dkt. No. 32, Attach. 1; Dkt. No. 36.) As a result, for the sake of simplicity, the Court will refer to the pending motion for summary judgment as having been filed on behalf of all Defendants.

he failed to show good cause for submitting that supplemental opposition without prior leave of the Court 133 days after the deadline for such an opposition; and (2) Defendants' motion for summary judgment should be granted because they have established, and Plaintiff has not controverted, the fact that he failed to exhaust his available administrative remedies by (a) filing a grievance on October 22, 2018, and then rushing to file this action on December 4, 2018, long before receiving the superintendent's determination of that grievance on February 20, 2019, and without attempting to appeal (the superintendent's non-response) to the Central Office Review Committee between November 16, 2018, and February 20, 2019, and (b) litigating this action without even having received a decision from the Central Office Review Committee (with regard to his subsequent appeal) as of June 21, 2019. (Dkt. No. 44, at Part II.)

  **B. Plaintiff's Objections to the Report-Recommendation**

Generally, liberally construed, Plaintiff's Objections assert the following two arguments: (1) Magistrate Judge Hummel erred by "overlooking . . . factual matters" whose consideration would have altered his findings of fact and conclusions of law (presumably referring to Plaintiff's supplemental response to Defendants' motion); and (2) Magistrate Judge Hummel's finding that Plaintiff failed to exhaust his available administrative remedies is erroneous because the Central Office Review Committee had 60 days to decide his appeal and has waited 10 months to do so, constructively denying his appeal. (*See generally* Dkt. No. 45.)

**II. STANDARD OF REVIEW**

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must,

with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[3] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[4] Similarly, a district court will ordinarily refuse to consider argument that could have been, but was not, presented to the magistrate judge in the first instance. *See Zhao v. State Univ. of N.Y.*, 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011) ("[I]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal

---

[3] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[4] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (finding that district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

quotation marks and citation omitted); *Hubbard v. Kelley*, 752 F. Supp.2d 311, 312-13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.") (internal quotation marks omitted).

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999). Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[5] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in

---

[5] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

order to accept the recommendation." *Id.*[6]

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c)).

## III. ANALYSIS

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's through Report-Recommendation, the Court can find no clear-error in those parts of the Report-Recommendation to which Plaintiff has specifically objected, and no clear error in the remaining parts of the Report-Recommendation: Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein. To those reasons, the Court adds the following six points.

First, Plaintiff's first objection to the Report-Recommendation is not specific enough to trigger a de novo review of Magistrate Judge Hummel's recommendation that the Court strike Plaintiff's untimely supplemental opposition to Defendants' motion for summary judgment. For example, Plaintiff does not explain in his Objections why he waited so long to submit his supplemental opposition to the Court, or even why the contents of that supplemental opposition are material. (Dkt. No. 45.) As a result, this part of the Report-Recommendation is entitled to only a clear-error review, which it easily survives.

---

[6] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

Second, even if the Court were to deem Plaintiff's first objection sufficient to trigger a de novo review of Magistrate Judge Hummel's recommendation that the Court strike Plaintiff's untimely supplemental opposition, the Court would find that the recommendation survives such a review. Despite representing to the Court that "CORC has since denied [Plaintiff's] appeal," the supplemental opposition does not in fact attach such a denial. (Dkt. No. 43.) Indeed, in his Objections, Plaintiff admits this fact, stating that he is still "waiting for" CORC's decision. (Dkt. No. 45, at 1.) Under the circumstances, the Court need not rely on the reasonable inference that Magistrate Judge Hummel had begun work on his 21-page Report-Recommendation before the Court received Plaintiff's supplemental opposition (which would add the waste of judicial resources to the reasons for rejecting such a belated supplemental response). Plaintiff's failure to show good cause under Fed. R. Civ. P. 16(b)(4) suffices.

Third, no part of Plaintiff's second objection contains a specific challenge to Magistrate Judge Hummel's finding and conclusion that Plaintiff failed to exhaust his available administrative remedies by filing a grievance on October 22, 2018, and then rushing to file this action on December 4, 2018, long before receiving the superintendent's determination of that grievance on February 20, 2019, and without attempting to appeal (the superintendent's non-response) to the Central Office Review Committee between November 16, 2018, and February 20, 2019. (*Compare* Dkt. No. 45 *with* Dkt. No. 44, at 14-20.) As a result, this part of the Report-Recommendation is entitled to only a clear-error review, which it easily survives.

Fourth, Plaintiff's second objection merely challenges Magistrate Judge Hummel's finding and conclusion that Plaintiff failed to exhaust his available administrative remedies by litigating this action without even having received a decision from the Central Office Review

7

Committee (with regard to his subsequent appeal) as of June 21, 2019. (*Id*.) The problem is that this challenge is merely a reiteration of an argument that Plaintiff had previously submitted to Magistrate Judge Hummel. (*Compare* Dkt. No. 45 *with* Dkt. No. 34 [arguing, "CORC has 30 days from [their] receipt of [an] appeal in which to render a decision. They failed to do so. This rendered the grievance [o]paque to me"].) As a result, this part of the Report-Recommendation is also entitled to only a clear-error review, which it easily survives.

Fifth, even if the Court were to deem Plaintiff's Objections as triggering a de novo review of Magistrate Judge Hummel's conclusion that Plaintiff failed to exhaust his available administrative remedies, the Court would find that the conclusion survives such a review. For the sake of brevity, the Court will not linger on the fact that, despite having been specifically advised of the consequences of failing to properly respond to Defendants' Statement of Material Facts, Plaintiff failed to do so, rendering admitted all of Defendants' properly supported factual assertions in that Statement. (*Compare* Dkt. No. 32, at 3 *with* Dkt. No. 34.) More important is the fact that, when the superintendent did not render a decision on Plaintiff's grievance within 25 days (i.e., by November 16, 2018), Plaintiff had the ability to file an appeal with the Central Office Review Committee. 7 N.Y. C.R.R. 701.8(g). However, instead of doing so, he rushed to court, eviscerating the purpose of the administrative remedy process. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (articulating two main purposes of exhaustion of administrative remedies). Courts rather routinely dismiss complaints under such circumstances. *See, e.g., Bennett v. Columbe,* 16-CV-0653, 2018 WL 4627663, at *2 (N.D.N.Y. Sept. 27, 2018) (Sannes, J.), *adopting*, 2018 WL 5728042, at *4 (N.D.N.Y. July 17, 2018) (Hummel, M.J.). This would be the case here even if Plaintiff had received a decision from the Central Office Review Cmmittee

8

by the time the Court issued this Decision and Order. *Bennett v. Columbe,* 2018 WL 5728042, at *5 (citing cases).

Sixth, and finally, Plaintiff's claims against Defendant O'Donnell are dismissed without prejudice on the alternative ground of a failure to serve under Fed. R. Civ. P. 4(m) and Local Rule 4.1 and/or a failure to prosecute under Fed. R. Civ. P. 41(b) and Local Rule 41.2.

**ACCORDINGLY**, it is

**ORDERED** that, in accordance with note 1 of this Decision and Order, the Clerk of Court shall amend the docket sheet to change the name of Defendant Ingram to Defendant "Robert Ingraham"; and it is further

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 44) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that the Clerk of the Court is directed to **STRIKE** from the docket sheet Plaintiff's supplemental opposition to Defendants' motion for summary judgment (Dkt. No. 43); and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 32) is **GRANTED**, and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 27) is **DISMISSED without prejudice.**

The Court certifies for purposes of 28 U.S.C. § 1915(a)(3) that an appeal from this Decision and Order would not be taken in good faith.

Dated: February 21, 2020
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge